UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIO CESAR CHAVEZ VELASQUEZ,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY et al.,

Respondents.

Case No. 1:26-cv-3050

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting brief. (Pet., ECF No. 1; Pet'r's Br., ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear

and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9.)[1]

In an order entered on October 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the March 6, 2026, bond hearing on October 30, 2026. (Resp., ECF No. 9; Recording of Mar. 6, 2026, Bond Hearing, filed on Oct. 30, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2022. (Pet'r's. Br., ECF No. 2-5, PageID.36.) On September 18, 2025, Petitioner was stopped and detained by ICE in Ohio. (Pet., ECF No. 1, PageID.3–4.)

On February 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Chavez Velasquez v. Raycraft et al. (Chavez Velasquez I)*, No. 1:26-cv-418 (W.D. Mich.). In *Chavez Velasquez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment, or in the alternative, immediately release Petitioner from custody. Op. & J., *Chavez Velasquez I*, (W.D. Mich. Mar. 2, 2026), (ECF Nos. 6, 7).

On March 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the March 6, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for a bond, finding:

---

[1] In addition to filing the § 2241 petition, Petitioner also filed several motions in this action, seeking expedited review of the case and to prevent transfer or removal. (ECF Nos. 4, 5.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition and, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

> On September 11, 2025, [Petitioner] had a merits hearing. His application for Asylum and Withholding of Removal was denied. [Petitioner] was advised that he could appeal the decision to the Board of Immigration Appeals within 30 days and he did so.
>
> As [Petitioner] has been given a full hearing on the merits of his application, the Court cannot find that [Petitioner] has a favorable likelihood of success on his application.
>
> The court finds that [Petitioner] is a flight risk and there are no conditions or combinations of conditions that would reasonably assure the [Petitioner's] future appearances at immigration proceedings.

(Immigration Judge Order, ECF No. 2-4, PageID.30; *see also* Recording of Mar. 6, 2026, Bond Hearing, at 8:10–8:30, filed on Oct. 30, 2026.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 6, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge